## Case No. 14,447.

### UNITED STATES v. ANDERSON.

[10 Blatch. 226.] [1]

Circuit Court, S. D. New York. Nov. 30, 1872.

CRIMINAL LAW—BOARDING VESSEL WITHOUT PERMISSION—BOARDING-HOUSE RUNNER—FOREIGN VESSELS.

1. Section 62 of the act of June 7th, 1872 (17 Stat. 276), making it an indictable offence to go on board of a ship about to arrive at the place of her destination, before her actual arrival, and before she has been completely moored, without permission of the master, is a valid enactment.

2. The offence is indictable, under section 62, and is punishable, on conviction, by the imposition of a penalty not exceeding $200, and imprisonment until the payment thereof, not exceeding six months.

3. It is not necessary for the United States, in such a prosecution, to prove that the prisoner was not in the United States' service, or was not duly authorized by law to go on board of the vessel.

4. A runner for a licensed keeper of a sailors' boarding house is not exempt from the prohibition of section 62.

5. Climbing on the rail of the vessel, from a boat, in the act of entering on the vessel, without permission, is within the prohibition.

6. Proof that the master was not on board, and that the mate in command gave no permission, and caused the defendant to be arrested on the spot, is sufficient to support a conviction, in the absence of evidence showing a permission by the master.

7. When the offence can be committed by boarding an inward bound vessel, laden with cargo, at anchor, considered.

8. The section is intended to protect foreign vessels, as well as vessels of the United States.

[Cited in U. S. v. Sullivan, 43 Fed. 605. Disapproved in Grant v. U. S., 7 C. C. A. 436, 58 Fed. 696.]

[This was an action at law by the United States against Thomas Anderson.]

Henry E. Davies. Jr., Asst. U. S. Dist. Atty. Robert W. Andrews, for defendant.

BENEDICT, District Judge. Upon the trial of the defendant upon an indictment for the offence of going on board of a vessel about to arrive at the place of her destination, before her actual arrival, and before she was completely moored, without permission of the master, in violation of section 62 of the shipping act of June 7th, 1872 (17 Stat. 276), it was ruled, under objection taken in behalf of the defendant, as follows:

(1) The enactment contained in the 62d section of the act under which the indictment was framed, is a valid enactment, within the scope of the powers granted by the constitution of the United States.

(2) The section in question creates a criminal offence against the United States, punishable by means of an indictment and conviction in a criminal proceeding, and, upon such conviction, by reason of the effect of the language of the 62d and 64th sections taken together, a penalty, not exceeding $200, is to be imposed by the court, and the offender may be imprisoned until the payment thereof, not exceeding six months.

(3) It is unnecessary for the government, in such a prosecution, to prove that the prisoner was not in the United States service, or was not duly authorized by law to go on board of the vessel.

(4) The proof that the prisoner was a runner employed by a person who held a license to keep a sailors' boarding house, under the statute of the state of New York, passed March 21st, 1866 (Laws 1866, c. 184), does not show the prisoner to be exempt from the prohibition of the section in question.

(5) The prisoner, by climbing from a boat upon the rail of the ship, in the act of entering upon the ship, without permission given, rendered himself liable to punishment, as provided in the 62d section.

(6) Proof that the master of the ship was not on board of the vessel, and that the mate then in command gave no permission to the defendant to board the vessel, and caused his arrest on the spot, is sufficient to support a conviction, in the absence of any evidence showing a permission by the master.

(7) The offence is committed by boarding, in the Bay of New York, without permission, an inward-bound vessel, laden with cargo to be landed at a pier in New York City, before the arrival of the vessel at such pier, although it appear that, at the time of the boarding, the vessel was temporarily at anchor in the bay.

(8) Considering the general language of section 62, and in view of the evil sought to be remedied thereby, and of the nature of the prohibition therein contained, the section is to be considered as intended to protect foreign vessels, as well as vessels of the United States; and the fact that the vessel boarded by the prisoner was a foreign vessel, is, therefore, of no avail, as a defence, in a prosecution under this section.

These several rulings I have re-examined, in the light of the argument which has been had in respect to them, and I am satisfied of their correctness. The statute in question being new, and its language, in many instances, inartistic and obscure, I have thought proper to submit the questions raised to the consideration of the circuit judge, and he concurs with me in the opinion that the rulings stated are correct. There must, therefore, be judgment upon the verdict.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]