## UNITED STATES *v.* KELLUM.

*(Circuit Court, S. D. New York. July, 1881.)*

1. PROCURING SEAMEN—EMPLOYMENT—SECTION 4609, REV. ST.—CONSTRUCTION.

   Section 4609, Rev. St., providing a penalty for receiving any greater remuneration than authorized by law for procuring seamen employment, is not applicable to seamen for whom employment is procured upon a foreign vessel.

SAME—SECTION 4610, REV. ST.—CONSTRUCTION.

   Section 4610, Rev. St., relative to the procedure for enforcing the penalties authorized by the preceding section, was designed to permit a civil action for the penalties with *quasi* criminal procedure in enforcing the judgment, and an action thereon is properly brought in the name of the United States as the party plaintiff

Motion for New Trial.

*A. R. Conkling,* Asst. Dist. Att'y, for plaintiff.

*Erastus Cooke,* for defendant.

WALLACE, D. J.   The questions which were formally ruled against the defendant, upon the trial, with a view to a more careful subsequent consideration are now presented by a motion for a new trial.   The action is for debt, to recover penalties given by section 4609, Rev. St., which reads as follows:

  "If any person shall demand or receive, either directly or indirectly, from any seaman, or other person seeking employment as a seaman, or from any person on his behalf, any remuneration whatever other than the fees hereby authorized, for providing him with employment, he shall, for every such offence, be liable to a penalty of not more than $100."

The proof in support of several of the counts of the declaration was that the defendant received remuneration for pro-

viding employment to the seamen upon a foreign vessel, and it is insisted that the verdict on these counts cannot be upheld because the statute does not assume to regulate the employment of seamen in any other than American vessels, and does not apply when employment is provided for the seamen upon a foreign vessel. The section was originally section 11 of the act of June 7, 1872, and was evidently intended to supplement sections 7 and 8 of that act so as to protect seamen, not only from extortion on the part of officials to whom was committed the supervison of the shipping of seamen, but also from the interference of interlopers for gain in the transaction. The title of the act, which is for "the appointment of shipping commissioners * * * to superintend the shipping and discharge of seamen engaged in merchant ships *belonging to the United States*, and for the future protection of seamen," affords some evidence of the legislative intent; the several sections of the act, which throughout are consistent with the title, contemplate a surveillance by American officials of American vessels; and the definition in section 65, for the purposes of the act, of a seaman as a person employed or engaged to serve in any capacity "upon any ship belonging to any citizen of the United States,"—all concur to demonstrate the scheme and scope of the act as designed to secure protection of seamen in American ships throughout the hiring, service, and discharge of such seamen. While section 4609 is broad enough, standing alone, to include a case where remuneration is exacted for providing a seaman with employment in a foreign ship, it must be read *in pari materia*, and as a penal statute must not be extended beyond the fair purview of the legislation of which it is a part.

The further point is made for the defendant that the action is improperly brought in the name of the United States, and that the district attorney, and not the United States, is the proper party plaintiff.

Section 4610, under which this action is brought, reads as follows:

"All penalties and forfeitures imposed by this title, for the recovery whereof no specific mode is hereinbefore provided, may be recovered, with costs, in any circuit court of the United States, at the suit of any district attorney of the United States, or at the suit of any person by information to any district attorney in any part of the United States, where or near to where the offence is committed or the offender is found; and if a conviction is had, and the sum imposed as a penalty by the court is not paid, either immediately after the conviction, or within such period as the court at the time of the conviction appoints, it shall be lawful for the court to commit the offender to prison, there to be imprisoned for the term hereinbefore provided in case of such offence—the commitment to be terminable upon payment of the amount and costs; and all penalties and forfeitures mentioned in this title, for which no special application is provided, shall, when recovered, be paid and applied in manner following: So much as the court shall determine, and the residue shall be paid to the court and be remitted, from time to time, by order of the judge to the treasury of the United States, and appropriated as provided for in section 4545 : *provided, always,* that it shall be lawful for the court, before which any proceeding shall be instituted for the recovery of any pecuniary penalty imposed by this act, to mitigate or reduce such penalty as to such court shall appear just and reasonable; but no such penalty shall be reduced to less than one-third of its original amount: *providea, also,* that all proceedings so to be instituted shall be commenced within two years next after the commission of the offence, if the same shall have been committed at or beyond the Cape of Good Hope or Cape Horn, or within one year if committed elsewhere, or within two months after the return of the offender and the complaining party to the United States; and there shall be no appeal from any decision of any of the circuit courts, unless the amount sued for exceeds the sum of $500."

It is quite difficult to determine what this section means. There is much to indicate that a criminal proceeding is contemplated. It provides that upon a "conviction" the court shall impose the penalty, or if the sum imposed as a penalty is not paid, the offender is to be committed to prison. These are the incidents of a criminal trial, where the jury finds the general verdict of guilty and the court, in imposing sentence, exercises the discretion authorized by the statute. On the other hand, if a criminal proceeding were intended the section is wholly unnecessary, because, where no other proceeding is designated in a statute which prohibits specified acts affecting the public we l-being and prescribes a penalty, the prohibited acts are misdemeanors, and the appropriate proceeding to enforce the penalty is by indictment. And that

the section does not contemplate a criminal proceeding is apparent from the clause relating to an appeal, which limits the right to appeal and thereby assumes that an appeal lies. At the time the act was passed there was no review in criminal cases. An appeal is the method of review in equity and admiralty causes. In criminal cases it is by writ of error, as also in civil actions at law.

The provision relating to an appeal is characterized by the same disregard of the accurate signification of legal terms which prevails throughout the section, but as there could be no review in criminal cases it was evidently intended to refer to a review by any procedure appropriate in civil cases. The same disregard of the technical meaning of language is apparent in the terms whereby the bringing of a suit by a district attorney is authorized. The opening portion of the section evidently refers to the bringing of a civil suit for the "recovery" of the penalty, and it cannot be believed that congress intended the district attorney to be the plaintiff of record, and consequently personally liable to the defendant for costs in case he fails in the action. Such a requirement would be very apt to dampen the ardor and chill the courage of a prosecuting officer. It would discourage the prosecution of violations of the law. It would require a district attorney to assume a liability unreasonably and unjustly, and expose him to embarrassments quite inconsistent with his duties and dignity as a prosecuting officer of the government.

That the suit is not to be the suit of the district attorney is also clearly inferable from the provision of the section, whereby the amount, when recovered, does not belong to the district attorney, but to the United States; and although the language would seem to give the right of action to the district attorney, it would appear, from the language used when the suit is brought at the instance of an informer, that the words "at the suit of the district attorney" are not used in their technical sense, but mean at the instance or at the procurement of the person who institutes the suit. Without

being at all confident that I correctly appreciate the meaning of this remarkable statute, my conclusion is that in attempting to mark out the procedure for enforcing the penalties authorized by the several preceding sections of the act it was designed to permit a civil action for the penalties with *quasi* criminal procedure in enforcing the judgment. The action, therefore, was properly brought in the name of the United States as the party plaintiff.

Inasmuch as the verdict was in part predicated upon proof that the remuneration exacted by the defendant was received for providing seamen with employment in foreign ships, there must be a new trial.