## UNITED STATES *v.* MINGES.

*(Circuit Court, D. South Carolina.    April 21, 1883.)*

1. SECRETING SEAMEN DESERTING FROM FOREIGN VESSELS.
    It is not an offense under section 4601, Rev. St., knowingly to harbor or secrete seamen who desert from foreign vessels.

Information against J. A. Minges for harboring and secreting for six days two seamen belonging to the bark Dagmal, knowing them to belong thereto, in violation of section 4601, Rev. St.    Demurrer because the bark Dagmal is not alleged to be an American vessel.

The bark Dagmal is a Norwegian vessel.    There is a treaty between the United States and Sweden and Norway for imprisonment and return of deserting seamen.    Public Treaties, 740.

*John Wingate,* Asst. U. S. Atty., for the United States.

*J. P. K. Bryan,* for defendant.

BOND, J.    The demurrer in this case raises the question whether it is an offense against the United States to harbor seamen deserting from a vessel of a foreign power.    The information alleges that the seamen harbored belonged to the bark Dagmal, but does not allege that the Dagmal was an American vessel.

The prosecution contend that the words of section 4601, Rev. St., "any seaman belonging to any vessel," under which this information is filed, are unlimited, and apply equally to cases of desertion from domestic and foreign vessels.    Upon examination of the statutes, however, the court is of opinion that section 4601 is to be read in connection with and is limited by the words of section 4612, which provides that in the construction of this title ("Merchant Seaman") the word "seaman" shall be taken to be one employed, etc., "on a vessel belonging to any citizen of the United States," and the word "vessel" shall be understood to comprehend every description of "vessel to which the provisions of this title may be applicable." Surely, "Title LIII, Merchant Seamen," Rev. St., is not applicable to foreign vessels.

This conclusion is further confirmed by reference to the merchant shipping act of 1790, (from which section 4601, Rev. St., is taken,) which refers, in all its provisions, to American vessels and American seamen.

The remedy which, by treaty with foreign powers, the United States gives in cases of foreign seamen deserting from foreign vessels

within the jurisdiction of the United States, is contained in section 5280, Rev. St., whereby, upon demand of the resident consul, etc., and by procedure as therein indicated, such foreign seamen are arrested and delivered, upon extradition process, to the consul, to be sent back to the dominions of such foreign power, etc.

When the provisions of this statute (section 5280) are exhausted, the government of the United States has fulfilled its obligations with foreign powers under the commercial treaties providing for extradition of deserting seamen; it has not contracted in any such treaties to punish the harborer on this soil, nor has it so provided in its own statutes.

It is therefore ordered that the demurrer be sustained and the information dismissed.