GRANT v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 14, 1893.)

No. 108.

SEAMEN—HARBORING AND SECRETING.
Rev. St. § 4601, prescribing a penalty for harboring or secreting "any seaman belonging to any vessel," does not apply to the harboring or secreting of a person employed or engaged to serve on a vessel which does not belong to a citizen of the United States.

In Error to the Circuit Court of the United States for the District of Oregon.

At Law. Information against Peter Grant for violation of section 4601, Rev. St. U. S., by harboring and secreting five seamen belonging to the Invergarry, a British vessel. Trial in the circuit court without a jury. Findings and judgment against the plaintiff in error. 55 Fed. 414. Reversed.

Milton Andros, for plaintiff in error.

Charles A Garter, U. S. Atty., and Charles A. Shurtleff, Asst. U. S. Atty., for defendant in error.

Before McKENNA, Circuit Judge, and HANFORD, District Judge.

HANFORD, District Judge.   The plaintiff in error was, by a criminal information presented by the United States attorney for the district of Oregon, and filed in the United States circuit court for that district, accused of committing an offense against the laws of the United States, in this: that for a period of 27 days, in said district, he did unlawfully harbor and secrete five seamen belonging to a vessel called the Invergarry.   A jury was waived, and the case was tried before Hon. William B. Gilbert, Circuit Judge, who made his findings in writing, and thereupon adjudged the defendant to be guilty, and sentenced him to pay the penalty prescribed by section 4601, Rev. St. U. S., and costs, amounting to the total sum of $919.44, and committed him to jail till said penalty and costs be paid, or until he be discharged according to law.   The information does not mention the nationality of the Invergarry, but by the findings and opinion of the court it appears that she is a British vessel.

Finding that the judgment must be reversed, regardless of any conclusion to which we might arrive concerning the points covered by the opinion of the circuit judge, we pass without consideration thereof to a question not discussed in the circuit court, but which nevertheless arises from the facts presented by the record, viz. whether the harboring or secreting of seamen belonging to a foreign vessel is a violation of the statute upon which this case is founded. The nature of this question prevents application of the doctrine of waiver.   We are obliged to give it consideration.

Section 4601, Rev. St., was originally enacted as the fourth section of the act of July 20, 1790, entitled "An act for the government and regulation of seamen in the merchant service."   1 Stat. 133.   In the revision it is included in the seventh chapter, entitled "Offenses and Punishments," of title 53, entitled "Merchant Seamen."   This chapter is composed of the sections and clauses relating to offenses and punishments contained in said act of 1790; the act of September 28, 1850, (9 Stat. 515;) the act of July 27, 1866, entitled "An act to prevent the wearing of sheath knives by American seamen," (14 Stat. 304;) and the act of June 7, 1872, entitled "An act to authorize the appointment of shipping commissioners by the several circuit courts of the United States, to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States, and for the further protection of seamen."   These several statutes were made to govern the conduct of American seamen within the territorial limits of the United States, and on board American vessels elsewhere within the admiralty and maritime jurisdiction of the United States.   The title and context of each shows forth the intention of congress to make laws for the vessels and seamen of the United States; and by section 4612 a definition of terms and rule of construction is given, which limits the application

of all the provisions of these laws to cases affecting American vessels, or the owners, masters, or seamen thereof. Section 4601 imposes a penalty for harboring or secreting any seaman belonging to any vessel, knowing him to belong thereto. Section 4612 declares the word "seaman," as there used, to be restricted to designate a person employed or engaged to serve in any capacity other than as an apprentice on board any vessel belonging to a citizen of the United States. Now, as the persons harbored by this plaintiff in error were not employed or engaged to serve on board a vessel owned by a citizen of the United States, the case does not come within the letter of the statute, and the prosecution must fail.

In this opinion we are supported by a preponderance of the authorities. In Ex parte D'Olivera, 1 Gall. 474, (decided in 1813,) Mr. Justice Story, referring to the act of 1790, says:

"We are of the opinion that the act for the regulation of seamen exclusively applies to seamen engaged in merchants' service of the United States. It may be a serious inconvenience that congress has not extended the provisions to cases of foreign seamen in foreign vessels, in compliance with that comity which it is understood many foreign nations exercise in favor of this country. Whatever may be the evil, we can only regret it. It is for another tribunal to apply the remedy."

In 1873 Mr. Attorney General Williams, in a communication to the secretary of the treasury, gave the following opinion:

"The provisions of the act of 1872 relating to 'discipline of seamen' are nearly identical in language with, and appear to have been copied from, the provisions of the British merchant shipping act of 1854, relating to the same subject. In a case arising under the latter act, its provisions concerning that subject were held by the court of queen's bench to have reference to British ships alone, (see Leary v. Lloyd, 3 El. & El. 178;) and I am inclined to the view that the provisions of the act of 1872, adverted to above, were intended by congress to apply only to seamen lawfully engaged for service on American vessels." 14 Op. Attys. Gen. U. S. 326.

Judge Wallace, in the case of U. S. v. Kellum, 7 Fed. 843, and Judge Billings, in the case of The Montapedia, 14 Fed. 427, held the same way. In U. S. v. Minges, 16 Fed. 657,—a case exactly in point, —Judge Bond held that section 4601 does not apply to cases of harboring or secreting seamen belonging to foreign ships. To the contrary are the decisions by Judge Deady in U. S. v. McArdle, 2 Sawy. 367, and U. S. v. Sullivan, 43 Fed. 602, and the decision of Judge Benedict in U. S. v. Anderson, 10 Blatchf. 226, in which Mr. Justice Blatchford concurred.

By the act of June 9, 1874, (18 Stat. 64,) and again by the act of August 19, 1890, (1 Supp. Rev. St. [2d Ed.] 780,) congress has declared the effect to be given to the shipping laws upon domestic vessels in the coasting trade. But notwithstanding the fact that public attention was, by the opinions above quoted from, called to the omission to extend these laws to foreign vessels and seamen, it has failed to change them, in this respect, either in the revision or subsequent amendments. From this we think that acquiescence on the part of the legislative branch of the government in the interpretations given by Story and Williams may be fairly inferred. Judge Deady gives excellent reasons for the making of suitable laws

for the protection of foreign seamen and vessels in our ports, and the case at bar illustrates the vicious practices to which he alludes. The plaintiff in error is guilty of enticing men to abandon employment for which they were engaged, and to remain idle at his boarding house until after the Invergarry had gone to sea, thereby causing expense to the ship, and loss of time and wages to the men, while he doubtless profited by shipping them on other vessels. Such acts are reprehensible, and prejudicial to all classes of persons connected with the shipping interests of the country. But the evil of permitting such offenses to go unpunished is not greater than the demoralizing effect of a decision which adds to or takes from the law. If the laws which we have are found to be insufficient, when fairly interpreted, congress should be called upon to amplify them.

Judgment reversed, and cause remanded, with directions to discharge the defendant.