Argued 4 December, 1899; decided 15 January, 1900.

## EX PARTE YOUNG.

[59 Pac. 707, 47 L. R. A. ———.]

CONSTITUTIONAL LAW—POLICE POWER—REGULATING COMMERCE.—A state stat-
ute making it an offense to persuade or attempt to persuade any seaman to
leave any vessel within the jurisdiction of such state (Hill's Ann. Laws, § 1952),
is an exercise of the police power, and is not violative of the Constitution of
the United States, Article I, § 8, subd. 3, as a regulation of foreign or interstate
commerce, since it is not in conflict with any act of congress or the general
policy of the government.

From Multnomah : E. D. SHATTUCK, Judge.

This is a special proceeding by Conrad Young against
William Frazier, as Sheriff of Multnomah County, to have
the cause of his imprisonment inquired into, and to be re-
lieved therefrom. The transcript shows that Young was
indicted by the grand jury of said county for the crime
of enticing one William Schrke, a seaman employed on
the German ship Peru, to desert therefrom, and upon be-
ing arraigned was allowed until the next day to plead,
whereupon he immediately sued out in another depart-
ment of said court a writ of *habeas corpus*, which was
served upon the defendant, who, for his return, certified
that he held plaintiff, by virtue of an order of said court,
to answer the indictment returned against him. Upon
this issue a trial was had, resulting in Young's discharge,
and the state appeals.                          REVERSED.

For the state there was a brief over the names of
*Cicero M. Idleman* and *Chas. F. Lord*, with an oral argu-
ment by *Mr. D. R. N. Blackburn*, Attorney-General.

No appearance for respondent.

MR. JUSTICE MOORE, after stating the facts, delivered
the opinion of the court.

The question presented by this appeal is whether the
statute under which Young was indicted is violative of

the Constitution of the United States, Article I, § 8, subd.
3, as being an attempt on the part of the legislative as-
sembly to regulate commerce with foreign nations.   The
act under consideration reads as follows :  "If any person
or persons shall entice, persuade, or by any means at-
tempt to persuade, any seaman to desert from, or with-
out permission of the officer then in command thereof to
leave or depart therefrom, either temporarily or' other-
wise, any ship or steamer or other vessel while such ship,
steamer, or other vessel is within the waters under the
jurisdiction of this state or within the waters of the con-
current jurisdiction of this state and the Territory of
Washington, such person or persons shall, upon convic-
tion thereof before any justice of the peace, or before a
circuit court of this state, be punished," etc.:  Hill's Ann.
Laws, § 1952.   Notwithstanding congress possesses pow-
er to regulate commerce with foreign nations and among
the several states, each state has retained a sufficient
measure of power to enable it to enforce its internal po-
lice regulations, in the exercise of which it can establish
and regulate ferries across its navigable rivers, control
the moving of vessels in harbors within its borders, and
enact health and inspection laws, which, by quarantine
or otherwise, may operate on persons brought within its
jurisdiction in the course of commercial operation :  22
Am. & Eng. Enc. Law (1 ed.), 712 ;  *King* v. *American
Trans. Co.* 1 Flip. 1 (Fed. Cas. No. 7,787).   Thus, a ves-
sel owned by a citizen of Pennsylvania, and licensed un-
der the laws of the United States to be employed in the
coasting and fishing trade, was seized and condemned
under a statute of Maryland making it unlawful to take
oysters within the waters of the latter state with a scoop
or drag, and prescribing as a penalty for a violation there-
of the forfeiture of the vessel so offending ;  and it was
held that the act in question was a proper exercise of the

internal police power of a state, which was not repugnant
to the commerce clause of the Constitution of the United
States :   *Smith* v. *Maryland,* 59 U. S. (18 How.) 71.   It
is only when a statute of a state conflicts with an act of
congress regulating foreign or interstate commerce, or
contravenes the general policy of the government, that it
must yield.   As was said by Mr. Chief Justice MARSHALL,
in *Gibbons* v. *Ogden,* 22 U. S. (9 Wheat.) 1: "The nullity
of any act inconsistent with the constitution is produced
by the declaration that the constitution is the supreme
law.   The appropriate application of that part of the
clause which confers the same supremacy on laws and
treaties is to such acts of the state legislatures as do not
transcend their powers, but, though enacted in the exe-
cution of acknowledged state powers, interfere with or
are contrary to the laws of congress made in pursuance
of the constitution, or some treaty made under the au-
thority of the United States.   In every such case the act
of congress or the treaty is supreme, and the law of the
state, though enacted in the exercise of powers not con-
troverted, must yield to it."

Congress has prescribed a punishment for any person
who shall harbor or secrete a seaman belonging to any
vessel, knowing him to belong thereto :   Rev. Stat. U. S.
§ 4601.   In construing this section it has been repeat-
edly held, however, that the penalty therein prescribed
does not apply to the harboring or secreting of any per-
son employed as a seaman on a vessel which does not be-
long to a citizen of the United States :   *Ex parte D' Olivera,*
1 Gall. 473 (Fed. Cas. No. 3,967);   *United States* v. *Minges,*
(C. C.) 16 Fed. 657 ;   *Grant* v. *United States,* 7 C. C. A.
436, 58 Fed. 694.   But, if it were held that this section
applied with equal force to seamen employed on a foreign
vessel, Section 1952, Hill's Ann. Laws, not being re-
pugnant thereto or inconsistent therewith, is enforceable

in the courts of this state ; the rule being that the statute of a state and an act of congress may each prohibit the commission of the same offense, and prescribe the same or a different punishment therefor, under which the party found guilty thereof may suffer the penalties provided by the laws of the United States and of the state : *Territory* v. *Coleman*, 1 Or. 192 ; *State* v. *Brown*, 2 Or. 221 ; *Fox* v. *Ohio*, 46 U. S. (5 How.) 410 ; *United States* v. *Marigold*, 50 U. S. (9 How.) *560 ; *Moore* v. *Illinois*, 55 U. S. (14 How.) 13 ; *Ex parte Siebold*, 100 U. S. 371 ; *Cross* v. *North Carolina*, 132 U. S. 131 (10 Sup. Ct. 47). If the statute under consideration be deemed a regulation of commerce, it is local in its application and limited in its operation ; and, congress not having assumed control of the subject thereof, it is within the power of the state to prescribe the necessary regulations : *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196 (5 Sup. Ct. 826) ; *Brown* v. *Houston*, 114 U. S. 622 (5 Sup. Ct. 1091). The act in question is a rightful exercise of the police power of the state, in the regulation of the matters to which it applies ; and, instead of being in conflict with any regulation of congress upon the subject, or in contravention of the general policy of the government, it is in fact in aid of commerce rather than in restriction of it : *Smith* v. *Alabama*, 124 U. S. 465 (8 Sup. Ct. 564) ; *Western Union Tel. Co.* v. *James*, 162 U. S. 650 (16 Sup. Ct. 934); *Hennington* v. *Georgia*, 163 U. S. 299 (16 Sup. Ct. 1086); *New York, N. H. & H. R. Co.* v. *New York*, 165 U. S. 628 (17 Sup. Ct. 418); *Gladson* v. *Minnesota*, 166 U. S. 427 (17 Sup. Ct. 627); *Chicago, M. & St. P. R. R. Co.* v. *Solan*, 169 U. S. 133 (18 Sup. Ct. 289). The court having erred in discharging the plaintiff, it follows that the judgment is reversed and the cause remanded, with instructions to the court below to have him apprehended, and to require him to plead to the indictment.      Reversed.