## RYAN v. THE STATE OF INDIANA.

[No. 21,606. Filed June 29, 1911.]

1. CONSTITUTIONAL LAW.—*Remission of Fines and Forfeitures.— Costs.—Powers of Governor.*—Under article 5, §17, of the Constitution, providing that the Governor "shall have the power to remit fines and forfeitures, under such regulations as may be prescribed by law," the Governor has no power to remit costs in a criminal case. p. 282.

2.   Costs.—*Ownership*.—The costs in a case that formerly belonged
to the officers now belong to the county or State and are used to
reimburse the county or State for the payment of salaries to such
officers.   p. 283.

From Howard Circuit Court; *L. J. Kirkpatrick*, Judge.

Prosecution by The State of Indiana against Larry Ryan.
From a judgment of conviction he appeals.   On motion to
be relieved from costs.   *Motion denied.*   (For decision on
merits, see 174 Ind. 468.)

*S. G. Gifford* and *Harness, Moon & Voorhis*, for appellant.
*James Bingham*, Attorney-General, *A. G. Manning*, Prose-
cuting Attorney, *A. G. Cavins, E. M. White* and *W. H.
Thompson*, for the State.

Monks, J.—Appellant has filed a motion to be relieved
from the costs in this case, on the ground that the Governor
of the State, after the judgment of the court below
had been affirmed, "remitted said fine and costs as-
sessed in favor of the State of Indiana and the county
of Howard in said cause, which remission is in full force and
includes all costs taxed in this court."

The Attorney-General has appeared, and contests said mo-
tion on the ground that article 5, §17, of the Constitution of
this State, which provides that the Governor "shall have
power to remit fines and forfeitures, under such regulations
as may be prescribed by law," and §7438 Burns 1908, §4900
R. S. 1881, only authorizes the remission by the Governor of
fines and forfeitures, and not the remission of costs.

It has been held in this State that the Governor can only
remit fines and forfeitures in pursuance of the provisions of
law.   *State* v. *Dunning* (1857), 9 Ind. 20, 23, 24.

At the time when part of the costs in a criminal case
were taxed and adjudged on conviction against the defendant
in favor of certain officers, it was uniformly held that the
Governor had no power to remit the costs due to such officers.
*State* v. *Farley* (1846), 8 Blackf. 229; *State* v. *Dunning,*

*supra; Griffin* v. *Wilcox* (1863), 21 Ind. 370, 393; *Law* v. *Vierling* (1873), 45 Ind. 25.

Under existing laws, the costs, which were formerly taxed and adjudged on conviction in favor of such officers, are now taxed and adjudged in favor of the county and State, 2. and such officers are paid for their services by the State or the county out of its own treasury.

The costs are the property of the State or the county the same as they were the property of the officers under former laws, and are intended to reimburse, in part at least, the State and county for the salaries paid to such officers.

In *Anglea* v. *Commonwealth* (1853), 10 Gratt. (Va.) 696, it was held that a pardon did not release a convicted person from costs due to the State, incurred in his prosecution. The court said: "The fine is imposed for the purpose of punishment. * * * But with regard to costs it is different. They are exacted simply for the purpose of reimbursing to the public treasury the precise amount which the conduct of the defendant has rendered it necessary should be expended for the vindication of the public justice of the state and its violated laws. It is money paid, laid out and expended for the purpose of repairing the consequences of the defendant's wrong. It is demanded of him for a good and sufficient consideration, and constitutes an item of debt from him to the commonwealth. * * * The right to enforce payment of them is a mere incident to the conviction, and thereby vested in the commonwealth for the sole purpose of replacing in the treasury the amount which the defendant himself has caused to be withdrawn from it. And it can make no substantial difference whether the money is going directly to the witnesses and others who are entitled to be paid for their services in the prosecution, or the commonwealth having paid them, stands by substitution in their place."

It is evident that the words "fines and forfeitures" used in the Constitution, and in the statute passed thereunder, do not include costs, and that the Governor of this State has

no power to remit the costs due to the State or county in a criminal case. *Manlove* v. *State* (1899), 153 Ind. 80, 81.

The motion of appellant is therefore overruled.