## Ex parte LARSEN et al.

(District Court, E. D. Virginia, at Norfolk. June 10, 1916.)

1. SEAMEN ⊕⟳34—DESERTING SEAMEN—STATUTES—IMPRISONMENT.

Rev. St. §§ 4598, 4599, providing for the apprehension of deserting seamen and their delivery to the master of the vessel from which they deserted, or their arrest, were repealed by Act Dec. 21, 1898, c. 28, § 25, 30 Stat. 764. Section 4612 (Comp. St. 1913; § 8392) indicated that those provisions were intended to apply only to seamen on vessels owned by citizens of the United States, and section 5280 (Comp. St. 1913, § 10129), providing for the arrest and imprisonment of seamen deserting from foreign vessels, was repealed by Seamen Act March 4, 1915, c. 153, § 17, 38 Stat. 1185, except where the subject was controlled by treaty or convention with foreign governments. *Held,* that the repeal of such acts indicated an intention on the part of Congress that, in the absence of treaty or convention, seamen deserting from foreign vessels should not be arrested or imprisoned, and therefore seamen deserting from a foreign vessel cannot, under Code Va. 1904, §§ 2004, 2005, be arrested, imprisoned, and delivered to the master of the vessel.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 220–231; Dec. Dig. ⊕⟳34.]

2. HABEAS CORPUS ⊕⟳45(3)—JURISDICTION—FEDERAL AND STATE COURTS.

Federal courts have jurisdiction to issue a writ of habeas corpus to discharge from custody one held by state authority under criminal proceedings based on laws void for repugnance to the Constitution, laws, or treaties of the United States.

[Ed. Note.—For other cases, see Habeas Corpus. Cent. Dig. §§ 38–44; Dec. Dig. ⊕⟳45(3).]

3. SEAMEN ⊕⟳34—STATUTES—CONSTRUCTION.

Code Va. 1904, §§ 2004, 2005, providing for the arrest of deserting seamen, their imprisonment, and delivery to the master of the vessel, was not intended to apply to foreign vessels, but only to vessels owned by citizens of the United States, supplementing Rev. St. §§ 4598, 4599, providing for the arrest of such seamen on warrants issued by state magistrates, so as to confer authority upon such magistrates.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 220–231; Dec. Dig. ⊕⟳34.]

In the matter of the petition of John Larsen and others for writ of habeas corpus to procure their discharge from imprisonment, in which they were held by S. S. Curtis, as sheriff. Writ issued, and petitioners discharged.

H. George Stewart, of Newport News, Va., for petitioners.
A. C. Garrett, of Newport News, Va., for vessel owners.

⊕⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODS, Circuit Judge. The petitioners ask to be discharged from arrest and imprisonment, in which they are held by S. S. Curtis, sheriff of Warwick county, Va., by virtue of conviction under a warrant issued by Justice E. P. Fowlkes, magistrate of that county, charging them with being deserting seamen of the Russian bark Procyon. Petitioners state that under the conviction they are held to be delivered to the captain of the bark.

[1] The captain of the Procyon appeared by counsel, asserting his right to have the petitioners turned over to him under the following statutes of Virginia:

Sec. 2004. *Issue of Warrant Against Runaway Seamen, etc.* If any seaman or mariner who is under a contract in writing to serve on board of any merchant vessel, or any apprentice who is lawfully bound to the master or owner of any such vessel, for the purpose of being taught to be a seaman or mariner, desert, or absent himself without lawful permission from such vessel, any justice, upon complaint thereof being made by any officer of such vessel, shall issue his warrant to apprehend such seaman, mariner, or apprentice, and bring him before the same or some other justice.

Sec. 2005. *When Justice to Commit Him to Jail.* The justice before whom the complaint is tried shall, if it be proved, commit such seaman or mariner or apprentice to the jail of his county or corporation, there to remain until he shall be delivered to the master or commander of such vessel, or until she shall sail upon her voyage.

Similar provisions relating to deserting seamen are found in sections 4598 and 4599 of the Revised Statutes of the United States. Although there has been some difference of judicial opinion on the subject, section 4612 of the Revised Statutes of the United States (U. S. Comp. St. 1913, § 8392) seems to indicate clearly that sections 4598 and 4599 were intended to apply only to seamen of vessels owned by citizens of the United States. Grant v. United States, 58 Fed. 694, 7 C. C. A. 436, and authorities cited. Sections 4598 and 4599 were both repealed by Act Dec. 21, 1898, c. 28, 30 Stat. 764. So that there is now no statute of the United States authorizing imprisonment of seamen deserting from vessels owned by citizens of the United States. In repealing these sections the Congress provided by the amendments to section 4596 of March 4, 1915 (38 Stat. p. 1166, c. 153, § 7) other punishments for desertion. It thus appears that the federal statutes, if not expressly, certainly by strong implication, prohibit the punishment by imprisonment for deserting seamen.

[2] The arrest and imprisonment of seamen deserting from foreign vessels was provided for by section 5280 of the Revised Statutes (U. S. Comp. St. 1913, § 10129), but that provision of the section was repealed, except where the subject was controlled by treaty or convention with foreign governments, by section 17 of the Seamen Act of March 4, 1915. The terms of this repeal indicate plainly the purpose of federal government to control the subject, and to prevent imprisonment of deserting seamen of foreign-owned vessels. Thus Congress, having acted on a subject within its province—imprisonment of deserting seamen of foreign-owned vessels found in the United States—and having in substance enacted that such seamen are not subject to arrest and imprisonment, except under convention or treaty, the state law, even if it be held to provide for such imprisonment, can-

not be effective. "Undoubtedly the courts of the United States have the power, under existing legislation, by writ of habeas corpus to discharge from custody any person held by state authorities under criminal proceedings instituted under state enactments, if such enactments are void for repugnancy to the Constitution, laws, or treaty of the United States." Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535. There is no convention or treaty with Russia authorizing imprisonment of seamen of a Russian vessel in this country, and there is therefore no authority for the arrest and imprisonment of the petitioners.

[3] I think, however, that the Virginia law, as it appears in sections 2004 and 2005 of the Code, was not intended to apply to foreign seamen, but was probably intended to supplement sections 4598 and 4599 of the Revised Statutes of the United States, relating to seamen of vessels owned by citizens of this country, in view of the possible doubt of the power of the Congress to authorize a state officer to act under federal authority, without the legislative sanction of the state. See dissenting opinion in Ex parte Pool, 2 Virginia Cases, 230.

My conclusion, therefore, is that there is no authority either in the state or federal statutes for the arrest and imprisonment of the petitioners, seamen of a vessel owned in Russia, and they are discharged.