STATE ex rel. PINCOCK, Sheriff, v. FRANKLIN et al.

No. 4060.   Decided May 6, 1924.   (226 Pac. 674.)

1. JURY—ACT AUTHORIZING IMPOSITION OF JAIL SENTENCES IN PROCEEDINGS TO ENJOIN LIQUOR NUISANCE HELD CONTRARY TO PROVISIONS AS TO JURY TRIAL. Provision of Comp. Laws 1917, § 4282, authorizing imposition of jail sentences on persons found guilty of maintaining liquor nuisance, as defined by section 3350, in injunction proceedings under section 4276, is unauthorized and contrary to Const. art. 1, §§ 10, 12, relating to right to jury trial.

2. STATUTES—NOT WHOLLY VOID BECAUSE OF UNCONSTITUTIONALITY OF PART UNLESS PROVISIONS ARE INSEPARABLY CONNECTED. Whole statute is not void because of unconstitutionality of part, though contained in same section, unless all provisions are connected in subject-matter, depend on each other, are designed to operate for same purpose, or are otherwise so dependent in meaning that it cannot be presumed that Legislature would have passed one without the other.

3. STATUTES—ACT AS TO PUNISHMENT FOR MAINTAINING LIQUOR NUISANCE IN INJUNCTION PROCEEDINGS HELD NOT WHOLLY VOID BECAUSE OF PROVISION FOR JAIL SENTENCE. Comp. Laws 1917, § 4282, authorizing punishment of persons found guilty of main-

taining liquor nuisance, in injunction proceedings, by fine, jail sentence, or both, *held* not wholly void because of unconstitutionality of provision as to jail sentence.

4. CONSTITUTIONAL LAW—STATUTE SO CONSTRUED AS TO MAKE IT CONSTITUTIONAL IF LANGUAGE PERMITS. Courts must adopt such construction of statute as will make it constitutional, if language permits.

5. STATUTES—MEANING OF WORDS DETERMINED FROM GENERAL CONTEXT AND INTENT OR OBJECT. Meaning of words in statute must be determined from general context and intent or object.

6. STATUTES—MERE FORMS DISREGARDED IN DETERMINING LEGISLATIVE INTENT. In determining Legislature's intent, courts will disregard mere forms and look to substance.

7. INTOXICATING LIQUORS—"FINE" AUTHORIZED IN PROCEEDINGS TO ENJOIN MAINTENANCE OF LIQUOR NUISANCE HELD STATUTORY "PENALTY," AND ENFORCEABLE IN EQUITY. "Fine" authorized by Comp. Laws 1917, § 4282, in proceedings to enjoin maintenance of liquor nuisance, *held* not punishment imposed on conviction of crime, but statutory penalty in nature of tax within jurisdiction of court of equity to enforce; "penalty" being sum of money exacted as punishment for doing prohibited act or omitting required act, while "fine" is sum exacted of one guilty of misdemeanor or crime in amount fixed by law or left in discretion of court (quoting Words & Phrases, First Series, "Fine," "Penalty").

Appeal from District Court, Second District, Weber County; *J. N. Kimball,* Judge.

Proceeding by the State, on the relation of H. D. Pincock, Sheriff of Weber County, against J. P. Franklin and others. Judgment for relator, and defendants appeal.

ANNULLED in part, and AFFIRMED in part.

*Chez & Douglas,* of Ogden, for appellants.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for respondent.

GIDEON, J.

The appellants, defendants below, were charged by the complaint with maintaining a common nuisance in Weber county, in this state. The premises upon which it is alleged the nuisance was maintained are described by metes and bounds in the complaint. The suit is a proceeding in the name of the state upon relation of a citizen of the state, in this case the sheriff of Weber county.

The court made findings and entered judgment against the defendants. The findings support the judgment. The judgment is to the effect that:

"It is hereby ordered, adjudged and decreed, that the defendants, and each of them, and their agents and employees be and they are hereby enjoined and restrained from using those premises, commonly known and designated as No. 1535 Twenty-Fourth street, in Ogden City, Weber county, Utah, for any purpose for the period of one year, beginning this date, that said premises and all buildings thereon be, and they are hereby closed for the period of one year for any and all purposes; that the said defendant, and each of them be, and they are hereby permanently enjoined and restrained from maintaining a common nuisance within this judicial district.

"It is further ordered, adjudged and decreed, that the defendant J. P. Franklin pay to the state of Utah, a fine in the sum of $1,000.00 and that he be imprisoned in the county jail of Weber county, state of Utah, for six months."

The appeal is from the judgment as entered.

The nuisance complained of is defined in Comp. Laws Utah 1917. So far as material, section 3350 is as follows:

"All premises, buildings, vehicles, boats, and all other places where intoxicating liquors are manufactured, sold, bartered, kept, stored, or given away, or used in violation of law, or where persons are permitted to resort for the drinking of intoxicating liquors as a beverage, or where intoxicating liquors are kept for use, sale, barter, or delivery, in violation of law, and all intoxicating liquors, bottles, glasses, kegs, pumps, bars, and other property kept in and used in maintaining such premises, buildings, vehicles, boats, or other places, are hereby declared to be common nuisances."

Section 4276 is as follows:

"Whenever a nuisance is kept, maintained, or exists, as defined in this title, the county attorney or any citizen of the county may maintain an action in equity in the name of the state of Utah,

upon the relation of such county attorney or citizen, to perpetually enjoin- said nuisance, the person or persons conducting or maintaining the same, and the owner or agent of the building or ground upon which said nuisance exists.  *  *  * "

Section 4282 is as follows:

"Whenever a permanent injunction issues against any person or persons for maintaining a nuisance as herein provided for, or against any owner or agent of the building kept or used for the maintenance of such nuisance, all parties found guilty of maintaining such nuisance, or assisting to maintain such nuisance by furnishing or letting such building for the maintenance of such nuisance, or otherwise, shall be punished by a fine of not more than $1,000, or by imprisonment in the county jail not more than six months, or by both fine and imprisonment. Said money fines and costs of action shall be a perpetual lien upon all property, both personal and real, used for the purpose of maintaining said nuisance, and the payment of said fines shall not relieve the person or persons from any other penalties provided by law. The collection of said fines or lien shall. be effected in the same manner as provided for the collection of taxes on real estate."

There are three appellants; each has filed separate assignment of errors. Appellants are all represented by the same counsel.

After the appeal had been perfected and the records sent to this court, counsel filed with the clerk the following stipulation:

"Whereas, the above-entitled case is to be argued on appeal at the February term of court and the constitutionality of title 74 of the Compiled Laws of Utah 1917, and particularly section 4282 thereof is being assailed upon said appeal; and

"Whereas, counsel for the state is willing to concede that said section 4282 is invalid only in so far as it attempts to confer jurisdiction upon a court of equity to impose a penalty of imprisonment upon the defendant:

"Now, therefore, it is hereby stipulated and agreed by and between the parties hereto and their respective counsel, that so far as counsel are concerned, the argument on appeal and the questions to be considered therein may be confined and limited to the question of the constitutionality of title 74 of the Compiled Laws of Utah 1917, and particularly, section 4282 thereof, it being expressly agreed that neither party hereto waives his argument with respect to the matter of the constitutionality of said title and section hereinbefore referred to."

By the foregoing stipulation the Attorney General in effect concedes that the provision of section 4282, supra, authorizing the imposition of a jail sentence in an equity proceeding, is beyond the power of the court to enforce and is contrary to the provisions of our Constitution. Without pausing here to consider that question, or the provisions of the Constitution relied upon, it is sufficient to say that we are satisfied that the provision of section 4282 authorizing the court in equity proceedings to impose a jail sentence cannot be sustained either on principle or when considered in connection with the provisions of article 1, §§ 10 and 12, of the Constitution of Utah.

The discussion in the briefs and at the oral argument took a wide range, and included certain phases of the controversy that we deem not controlling nor necessary to a determination of the rights of the parties on this appeal. As we understand the claim of counsel, both of appellants and respondent, the legal questions presented for determination may be stated as follows: (a) Can the statute respecting the power of the court to impose a fine be sustained after eliminating its power to impose a sentence of imprisonment? (b) Is the provision of the section quoted authorizing the imposition of a fine in an equity proceeding beyond the power of a court in such proceeding or prohibited by the Constitution?

The first proposition presents no difficulty. The general rule of interpretation in such cases is stated in Sutherland, Statutory Construction, § 169, as follows:

"Where a part only of a statute is unconstitutional, and therefore void the remainder may still have effect under certain conditions. The court is not warranted in declaring the whole statute void unless all the provisions are connected in subject-matter, depend on each other, were designed to operate for the same purpose, or are otherwise so dependent in meaning that it cannot be presumed that the Legislature would have passed one without the other. The constitutional and unconstitutional provisions may even be expressed in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point or test is not whether they are contained in the same section, for the distribution into sections is purely artificial, but

whether they are essentially and inseparably connected in · substance.

"If one provision of an enactment is invalid and the others valid, the latter are not affected by the void provision, unless they are plainly dependent upon each other, and so inseparably connected that they cannot be divided without defeating the object of the statute. And the converse is true. The vicious part must be distinct and separable, and, when stricken out, enough must remain to be a complete act, capable of being carried into effect, and sufficient to accomplish the object of the law as passed, in accordance with the intention of the Legislature. It should be confined to the same limits and still subject to the intended qualifications."

Analyzing the statute quoted, it is at once apparent that the elimination of the clause authorizing the imposition of a sentence of imprisonment does not destroy or affect the other provisions of the section. Neither are the parts of the statute so dependent upon each other for their meaning that it can be presumed that the Legislature would not have passed one without the other. The first query should therefore be answered in the affirmative.

Passing now to the second proposition: It is argued by appellants' counsel that the fine authorized by the statute is for an act punishable by law, and the imposition of a fine results, and must necessarily result, from criminal proceedings. Such being the fact, the appellant was entitled to a jury trial and the enforcement of the provision is beyond the power of a court in equity proceedings. On the other hand, it is the contention of the Attorney General that the fine authorized by the statute is not the result of a criminal proceeding but is a penalty imposed on the law-breaker in the nature of a tax. It is argued that the language of the statute clearly indicates such legislative intent.

As a preface in considering the constitutionality of any statute it is well to keep in mind the rule of law that whenever the constitutionality of a statute is assailed it is the duty of the courts to adopt such construction as will make the statute constitutional if the language will permit of such construction. 23 R. C. L. p. 1000. It is also an elementary rule of statutory construction that the meaning of words found in the statute must be determined from the general

context of the same and the intent or object sought to be accomplished by the legislation; that courts in attempting to arrive at the intent of the Legislature will disregard mere forms and look to the substance.

The fine authorized by section 4282, supra, does not provide for the imprisonment of the defendant upon failure to pay the fine, but specifically provides that the same shall be a perpetual lien upon all the property, both real and personal, used for the purpose of maintaining the nuisance. It further provides that the collection of the fine or lien shall be effected in the manner provided for the collection of taxes on real estate. The statute also provides that the payment of the fine shall not relieve the person or persons from other penalties provided by law. Some contention seems to be made that this provision indicates that the proceeding for the imposition of a fine is of a criminal nature. I do not understand the theory upon which that contention is based. It seems clear that the intent is that the payment of the fine imposed under this section should not relieve the party guilty of maintaining the nuisance from other penalties that may be imposed in a criminal proceeding. If this action be conceded to be criminal as contended by appellant there are no other penalties provided by statute.

The terms "fine" and "penalty" cannot be said to have the same legal meaning although they are frequently used interchangeably. In the course of the opinion in *International Merc. Marine Co.* v. *Stranahan* (C. C.) 155 Fed. 428, the court said:

"'Fine' and 'penalty' are frequently used interchangeably as in *Cunard Co.* v. *Stranahan* (C. C.) 134 Fed. 318, and the mere use of the word 'fine' is not conclusive as to the nature of the action * * * leading up to it. 1 Bish. Crim. Law (7th Ed.) 17, note."

In the court's opinion in *U. S.* v. *Tsokas* (C. C.) 163 Fed. 129, the court said:

"Penalties have been held to be fines, and capable of collection by indictment or presentment, as well as by civil suit."

See, also, *Whitlow* v. *Nashville, C. & St. L. R. Co.*, 114 Tenn. 344, 84 S. W. 618, 68 L. R. A. 503; *Ryan* v. *State,* 176 Ind. 281, 95 N. E. 561.

The distinction between a fine and a penalty is probably as clearly and succinctly stated in 6 Words & Phrases, p. 5273, as will be found in any of the cases, as follows:

"Punishment under a statute by fine or imprisonment, or both, is not a penalty, within the legal definition' of that term. A penalty is a sum of money which the law exacts the payment of by way of punishment for doing some act which is prohibited, or omitting to do some act which is required to be done. A fine is a sum of money exacted of a person guilty of a misdemeanor or crime, the amount of which may be fixed by law, or left in the discretion of the court. Imprisonment is not in any legal sense a penalty. *Village of Lancaster* v. *Richardson* (N. Y.) 4 Lans. 136, 139."

The fine authorized by section 4282, supra, is not a punishment imposed after conviction of a crime. It is a payment exacted for doing an act prohibited by law.        7 A number of other states have statutes very similar to our section 4282, supra, with the exception of the provision for imprisonment.

The fifth headnote in *State* v. *Gilbert,* 126 Minn. 95, 147 N. W. 953, 5 A. L. R. 1449, and which reflects the opinion of the court, is:

"The act is not penal either in its general aspect or in its details with reference to forfeiture and sale of personal property used in maintaining the nuisance, the closing, to all purposes for one year, of premises in which the lewd business is carried on, the imposition of a money exaction against the property and persons participating in the nuisance, or otherwise; and hence it neither violates the Constitution, as denying jury trial in criminal proceedings, nor contravenes constitutional limitations as to excessive fines and unusual punishments, right to be confronted by witnesses, testifying against one's self, and bills of attainder and ex post facto laws."

The court in that case was considering a statute very similar to our section 4282, supra. The opinion is an able discussion of the principles relied upon by appellant for reversal of the judgment in the present case. The reasoning and the conclusions reached answer fully the arguments that the imposition of a penalty under a statute such as ours is not within the jurisdiction of a court of equity.

The ninth and tenth headnotes in *Bunkley* v. *Commonwealth,* 130 Va. 55, 108 S. E. 1, are as follows:

"Const. § 58, prohibiting the taking or damaging of private prop-
erty for public use without just compensation, does not prohibit
a forfeiture of property imposed upon an owner, who has been con-
victed of using the property for unlawful and immoral purposes.

"The statute authorizing abatement of disorderly houses as
nuisances, and providing for forfeiture thereof, does not deprive
the owner of due process of law, since he must be impleaded on
the specific charge and afforded an opportunity to make his defense
before the forfeiture can be enforced."

The fourth and fifth headnotes in *State* v. *Jerome*, 80 Wash.
261, 141 Pac. 753, are as follows:

"The $300 tax imposed by Laws 1913, c. 127, on property used
and occupied as a disorderly house on the issuance of a permanent
injunction against the person maintaining the nuisance or against
any owner or agent of the building used therefor, is a tax on the
traffic or business as a deterrent against engaging therein and is
not invalid for nonuniformity or inequality.

"Laws 1913, c. 127, imposing a tax of $300 against property used
as a disorderly house on the issuance of a permanent injunction
against the same, having provided for the service of process on the
owners and for making them a party to abatement proceedings, was
not unconstitutional as depriving them of their property without
due process of law."

See, also, *State* v. *Marshall*, 100 Miss. 626, 56 South. 792,
Ann. Cas. 1914A, 434; *Taft* v. *Alber*, 185 Iowa, 1069, 171 N.
W. 719; *Williams* v. *State*, 150 Ga. 480, 104 S. E. 408; *Fulton*
v. *State*, 171 Ala. 572, 54 South. 688; *Dowda* v. *State*, 203 Ala.
441, 83 South. 324; *Ridge* v. *State*, 206 Ala. 349, 89 South.
742; *People* v. *Barbier*, 33 Cal. App. 770, 166 Pac. 812; *Peo-
ple* v. *Casa Co.*, 35 Cal. App. 194, 169 Pac. 454.

The penalty provided in our statute is a statutory penalty
and one that falls within the jurisdiction of a court of equity
to enforce.

In the course of the opinion in *State* v. *Hall*, 70 Miss. 682.
13 South. 40, the court says:

"Equally untenable is the position assumed by counsel for ap-
pellees, that equity will refuse its aid in the enforcement of pen-
alties. The unsoundness of this view lies in the failure to make
the distinction between statutory penalties and penalties created
by contract between private persons. The latter courts of equity
refuse to enforce, but the former—the expression of the will of the
lawmaking power—the courts of equity will not undertake to dis-

regard and nullify by refusing their aid, in proper cases. 1 Pom. Eq. Jur. § 458; Story, Eq. Jur. § 1326; *State* v. *McBride*, 76 Ala. 51; *Clark* v. *Barnard*, 108 U. S. 436, 2 Sup. Ct. Rep. 878. Having acquired jurisdiction the court below should have given full relief by following the law and enforcing the penalty. Legal remedies are constantly being worked out in courts of equity in causes where jurisdiction was acquired on some recognized ground of equity interference."

An extensive note dealing with kindred questions to the one here considered with be found at page 1472 of 5 A. L. R.

Considering the provisions of section 4282, supra, together, in the light of the objects sought to be accomplished by the enactment, in view of the methods prescribed for the enforcement of the penalty or fine, we are of the opinion that the statute is susceptible of the construction contended for by the Attorney General. Such construction renders the statute invulnerable to the claim that it is contrary to the provisions of the Constitution. Such construction also leaves the imposition of the fine within the power and jurisdiction of a court in equity proceedings, and the enforcement of the penalty does not contravene any constitutional right of appellants.

The judgment of the district court imposing sentence of imprisonment will be annulled and the judgment in all other respects affirmed with costs.

THURMAN, FRICK, and CHERRY, JJ., and RITCHIE, District Judge, concur.

WEBER, C. J., did not participate.