The opinion of the Court was delivered by
JOHNSON, J.
This case has been submitted without argument, and it *, oho is sufficient to remark, so far as relates to the ^motion in arrest of J judgment, that it can only prevail in cases where error is apparent on the record, and none has been pointed out or alluded to in this case. It is presumable, therefore, that it found its way into the brief by mistake.
We are equally in the dark on the question made as to the constitutionality of the Act, and its application only to debts due at the time it was passed, and not to those which accrued afterwards.
The Act provides, that “from and immediately after its passage, the owners of property placed in the hands of vendue masters, or auctioneers, either for public or private sale, are hereby authorized and empowered to recover from the said vendue masters in the most summary manner,” &e. And that the same may be recovered with the least possible delay, the Court is authorized to make such summary rules and orders as may be agreeable to justice, and tend to expedite such causes; and takes away from them the benefit of the Act for the Relief of Insolvent Debtors. I am unable to conceive any idea on which to found an argument, that any of these provisions are at variance with the Constitution. A speedy and adequate remedy for a wrong done, is nowhere prohibited. On the contrary, the “law's delay,” is justly and deservedly regarded as an evil to be borne, only because it cannot be remedied, and I find the same difficulty in applying it only to debts then due.
The only ground to be considered, then, is whether the defendants are liable as vendue masters, not having a license in their joint character as a firm.
When any individual or company take upon them a character, upon the faith of which they gain employment or derive a benefit, whether they be legally entitled to it or not, they will not be permitted, when called on to answer in that character, to allege, as an excuse, that it was only assumed, *4381 for no man will be allowed to take advantage of his own wrong. ^ The motion is dismissed.
Bay, Nott, and Hugeb, JJ., concurred.