## UNITED STATES v. MOORE.

*(Circuit Court, D. New Hampshire. March, 1882.)*

1. CRIMINAL PROCEDURE—FORM OF.
    Where the statute which creates the offence prescribes the particular mode of proceeding or form of action, that mode of proceeding must be followed; but where no mode of proceeding or form of action is mentioned, the proceeding must be in the name of the United States, in any proper form of action, or by any appropriate form of proceeding.

2 INDICTMENT—EXCEPTIONS IN STATUTE.
    Where an exception is contained in the same clause of a statute creating an offence and prescribing its punishment, the indictment must show that the act or person is not within the exception; but if the exception or proviso be in a subsequent clause, or a subsequent statute, it need not be stated in the indictment; it is mere matter of defence.

3. SAME—VARIANCE BETWEEN PLEADING AND PROOF.

> Where an indictment brought under the statute of March 3, 1865, (13 St. at Large, 481,) charges the defendant with issuing an unstamped receipt for the payment of money, and the evidence shows that it was a receipt for the payment of a debt, it was *held*, not a variance.

4. ISSUING UNSTAMPED RECEIPT—INDICTMENT SUFFICIENT.

> An indictment charging the defendant with issuing an unstamped receipt is sufficient if it sets out the offence in the language of the statute. It is the giving of a receipt for a sum exceeding $20, and not the payment of the money, which requires a stamp.

*Mr. Rolfe*, U. S. Atty., for the United States.

*Barnard & Sanborn*, for respondent.

CLARK, D. J. This is an indictment against the respondent for issuing a receipt for the payment of money without putting upon it a stamp of *two cents*. It is founded upon the statutes of March 3, 1865, § 1, (13 St. at Large, 481,) which is as follows:

> "That any person or persons who shall make, sign, or issue, or who shall cause to be made, signed, or issued, any instrument, document, or paper of any kind or description whatsoever, or shall accept, negotiate, or pay, or cause to be accepted, negotiated, or paid, any bill of exchange, draft, or order, or promissory note, for the payment of money, without the same being duly stamped, or having thereupon an adhesive stamp for denoting the duty chargeable thereon, with intent to evade the provisions of this act, shall, for every such OFFENCE, forfeit the sum of $50, and such instrument, document, or paper, bill, draft, order, or note shall be deemed invalid and of no effect."

The act of July 13, 1866, (14 St. at Large, 144,) provides for the amount of tax imposed on receipts in these words:

> "Receipts for *any sum of money*, or *for the payment of any debt*, exceeding $20 in amount, not being for the satisfaction of any mortgage or judgments, or decree of any court, or by indorsements on any stamped obligation of its fulfilment, for each receipt, *two cents*."

Upon the trial of this indictment the respondent was found guilty. He now moves for a new trial and in arrest of judgment. New trials are granted for something wrong at the former trial, as the admission of incompetent testimony, the misbehavior of the jury, or wrong rulings and instructions of the judge; also for other reason, as the discovery of new and important testimony. They are within the discretion of the court, and are to be granted only in the furtherance of justice. *McLanahan* v. *Universal Ins. Co.* 1 Pet. 107; *Gray* v. *Bridge*, 11 Pick. 189.

Judgments are arrested for matters apparent in the record. *Burnet* v. *Ballama*, 2 Nott & McC. 435; *State* v. *James*, 2 Bay, 215.

Some of the exceptions of the defendant are to matters of record, and some are to the rulings of the court. We will consider them in the order in which they have been stated by the counsel for the respondent in his brief.

1. That an indictment will not lie in this case. It is provided by the act July 13, 1866, (14 St. at Large, 145,) that "all fines, penalties, and forfeitures which may be imposed or incurred shall and may be *sued* for and recovered, where not otherwise provided, in the name of the United States, in any proper form of action, or by any appropriate form of proceedings, before any circuit or district court of the United States for the district within which said fine, penalty, or forfeiture may have been incurred;" and there is a further provision that the informer shall have a certain portion of the fine, penalty, and forfeiture recovered.

There is no doubt of the position taken by the defendant, that where the statute which creates the offence prescribes the particular mode of proceeding or form of action, that mode of proceeding must be followed. That point is well settled. But in this statute there is no mode of proceeding or form of action mentioned. The proceeding must be in the name of the United States—in *any proper form of action or by any appropriate form of proceeding.* Now, is not an indictment an appropriate mode of proceeding? Is it not effectual and speedy for the government? Is it not safe for the respondent? Does he object that, before he is put on his trial, 16 or more of his fellows composing the grand jury must say he ought to be tried? Why, is it not quite as appropriate as an action of debt? In either case the suit must be in the name of the United States, and carried forward by the same officers of the government and in the same courts. The statute on which this indictment is founded provides that any person who shall issue any writing without the required stamp shall forfeit $50. The respondent contends this forfeiture can only be recovered by action of debt. It is a general rule that where a statute either prohibits a matter of public grievance, or commands a matter of public convenience, every such disobedience is indictable. *State* v. *Fletcher,* 5 N. H. 257; 3 Bacon, Abr. 549; Arch. Cr. Pl. & Ev. 1; 1 Chitty, Cr. Law, 162.

Injuries of a private nature are not indictable. 3 Bac. Abr. 549. This is not an injury of a private nature. It is a defrauding of the government—of public nature—a misdemeanor; also all misdemeanors of a public evil example are indictable. The statute calls

it an offence. 3 Bac. Abr. 549; 1 Russell, Crimes, 45; *Rex* v. *Harris*, 4 T. R. 202; *Rex* v. *Smith*, 2 Dav. 441.

It is quite true that where it is merely provided that if any person do a certain act he shall forfeit a sum, to be recovered by action of debt, etc., no indictment can be supported. 1 Chit. Crim. Law, 162. The specific mode there pointed out must be observed, but in this statute no mode is pointed out.

In a subsequent statute (act of July 13, 1866; 14 St. at Large, 145,) it is provided that "all fines, penalties, and forfeitures which may be imposed or incurred shall and may be sued for and recovered, where not otherwise provided, in the name of the United States, in any proper form of action, or by any appropriate proceeding," etc. This is no limitation of the prosecution to an action of debt, or other specific mode of procedure, but is quite broad enough to cover an indictment.

But it is contended that the language of the statute is *"may be sued for,"* and that these words limit the action to a *civil* suit. *To sue* means to prosecute; to make legal claim; to seek for in law. Such are the definitions given by Webster.

Bouvier says (vol. 2, p. 558, word, "Suit") that "in its most extended sense the word 'suit' includes not only a civil action, but also a criminal prosecution, as indictment, information, and a conviction by a magistrate."

An application for a prohibition has been held to be a suit. 2 Pet. 449.

Bacon says (vol. 3, Abr. p. 542) that "an indictment is defined as an accusation at *the suit* of the king." Again, (p. 544,) "that it is a prosecution at *the suit* of the king merely;" and, again, "it being the *king's suit*."

The words "sued for and recovered," in the statute, mean the same as "prosecuted for and recovered;" and, taken in connection with the expressions "any proper form of action," "or by any appropriate proceeding," cannot be held to exclude a suit or prosecution by indictment, as the proceeding must be in the name of the United States.

2. The next objection is that the indictment is defective "in that it does not show the receipt given was not given for the satisfaction of some mortgage or judgment, or a decree of some court, nor for money indorsed on a stamped obligation, such receipts not requiring a stamp.

The rule of law in cases of this kind is very clear that, when the exception is contained in the same clause of the act which creates

the offence, the indictment must show that the act or person is not within the exception. Arch. Crim. Pl. & Ev. 48, and cases there cited. But it is equally well settled that if the exception or proviso be in a subsequent clause or a subsequent statute, it need not be stated in the indictment, but is a matter of defence. *King* v. *Hale*, 1 T. R. 320; Arch. *ubi supra*, 48.

Now, in this case, the exception is not found in the clause of the statute creating the offence, nor in *that* statute, to-wit, the act of March 3, 1865, (13 St. at Large, 481,) but it is found in the act of July 13, 1866, (14 St. at Large, 144.)

The exception, therefore, need not have been set out in the indictment, and this objection cannot prevail.

3. The next objection is that the indictment calls the receipt in question a receipt in payment of money, while in truth and in fact, the respondent contends, it was a receipt for board and horse hire. The receipt was in these words—the statute says: "Receipts for any sum of money, or for the payment of any debt." The respondent contends that this is a receipt for the payment of a debt, and that so there is a fatal variance between the indictment and the proof. But we think the receipt is also, or as well, for a sum of money. There appears to have been a debt, which was discharged by a sum of money, and the receipt is for that money in payment of that debt. If there had been nothing in the receipt to show that the payment of the debt was in money, perhaps the conclusion might have been different.

4. A further objection is that the indictment charges "that the receipt was issued without having thereupon an adhesive stamp of *two cents* for denoting the tax chargeable thereon," etc. This, it is contended, is insufficient, and it is insisted that the allegation should have been "an adhesive stamp of the *value of* two cents." It is a sufficient answer to this objection to say that the indictment answers all the requirements of the statute.

The words of the statute are, (13 St. at Large, 481,) "*without the same being duly stamped, or having thereupon an adhesive stamp for denoting the duty chargeable thereon.*" Now, the duty or tax on receipts *is two cents*, (14 St. at Large, 144,) not the *value of two cents*, and the indictment follows the statute.

Another objection is that the court improperly ruled that the receipt might go to the jury as evidence of the payment of $41. The respondent contended it was evidence of the payment of only *one* dollar. But the court instructed the jury that they might consider

the receipt as evidence of the payment of the whole sum of $41. It is not the payment of money which requires a stamp; it is the giving a receipt for a sum exceeding $20. Now, there may have been two or more payments of money, and one receipt to cover both. It is contended that it does not appear but that a receipt duly stamped was given when the $40 was paid, and so no stamp was necessary for the receipt of one dollar. That might be so; but, if it had been, the respondent could have shown it in defence, and completely rebutted the evidence arising from the receipt itself that it was for the payment of $41.