### UNITED STATES v. BUCKINGHAM et al.

(District Court, D. Oregon. November 24, 1919.)

No. C–8332.

1. INTERNAL REVENUE ⬤═45—PENALTY FOR SETTING UP STILL WITHOUT REGISTRATION WITH COLLECTOR.

The penalty of $500, prescribed by Rev. St. § 3258 (Comp. St. § 5994), for having possession of a still set up without having registered the same with the collector, which is found in the same sentence prescribing fine and imprisonment for the offense, is part of the punishment for the crime, in view of the whole nature of the statute, and a defendant, who has served his term and paid his fine, but has not paid the penalty, is not entitled to discharge from imprisonment.

2. STATUTES ⬤═192—CONSTRUCTION.

The wording of the statute as a whole determines the nature of the proceeding for its enforcement, and the use of particular technical terms is not necessarily conclusive.

H. W. Buckingham and Virgil Clover were convicted of violating Rev. St. § 3258, by having in their possession and custody a still and distilling apparatus set up, without having registered the same with the collector. On motion by defendant Buckingham to be released from custody. Motion denied.

Barnett H. Goldstein, U. S. Atty., and John C. Veatch, Asst. U. S. Atty., both of Portland, Or.

E. L. Fraley, of Portland, Or., for defendant Buckingham.

WOLVERTON, District Judge. The defendants were indicted and charged, among other counts, with a violation of section 3258, Revised Statutes (Comp. St. § 5994), for having in their possession and custody a still and distilling apparatus set up, without having registered the same with the collector. Each of the defendants entered a plea of guilty, and each was adjudged to pay a fine of $100, and to pay a penalty of $500, and to be imprisoned in the county jail for 30 days.

The defendant Buckingham now moves to be released from custody, having paid his fine of $100 and served his sentence of imprison-

ment of 30 days, but without the payment of the penalty of $500; this because, as it is urged, the penalty is a matter for civil action, and not for criminal procedure by way of indictment.

[1] The question involved depends upon whether section 3258 is a criminal or a civil statute. The fact that it subjects a violator of its provisions to fine and imprisonment is strongly persuasive of its character as a criminal statute. It provides, also, for the imposition of a penalty. The penalty, as an element of liability, would seem to have been imposed in contradistinction to that of fine and imprisonment; else why should not the violator have been subjected to fine and imprisonment only?

Ordinarily a civil action is appropriate to the recovery of a penalty. But, viewing the statute broadly, it is a part of the regulations of Congress for the imposition and collection of internal revenue. It imposes upon a distiller, or one who has in his possession a distilling apparatus set up, certain duties toward the government, and imposes a punishment for nonobservance of those specific duties. This is indicative of an undoubted intendment that the law shall be enforced through criminal procedure. While a penalty, so denominated, is also imposed, the statute makes no exception respecting its recovery by civil procedure. "It is a general rule," says the court in United States v. Moore (C. C.) 11 Fed. 248, 250, "that where a statute either prohibits a matter of public grievance or commands a matter of public convenience, every such disobedience is indictable."

Mr. Justice Miller, sitting in the Circuit Court in United States v. Ulrici, 3 Dillon, 532, 534, Fed. Cas. No. 16,594, speaking of the meaning of the words "penalty," "forfeiture," "liability," and "prosecution," as used in these very statutes respecting internal revenue, has this to say:

"But, without attempting to go into a precise technical definition of each of these words, it is my opinion that they were used by Congress to include all forms of punishment for crime."

This interpretation is adopted and approved by the Supreme Court. United States v. Reisinger, 128 U. S. 398, 402, 403, 9 Sup. Ct. 99, 32 L. Ed. 480. But, if it be conceded that the penalty, so called, may be recovered by a civil action as well as a criminal prosecution, it is still as a punishment for the infraction of the law, and, quoting from the Supreme Court:

"The term 'penalty' involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution." United States v. Chouteau, 102 U. S. 603, 611, 26 L. Ed. 246.

See, also, 30 Cyc. 1335, 1336, 1337.

[2] The wording of the statute as a whole determines the nature of the proceedings for its enforcement, and the use of particular technical terms is not necessarily conclusive. 21 Standard Encyclopedia of Procedure, 262, 263.

Considering, therefore, the nature of the statute in question, there being no exception requiring a civil action for a recovery of the pen

alty imposed, I am led to the conclusion that the procedure is by way of indictment, and that the penalty and the fine and imprisonment are to be imposed and enforced in the same criminal action.

The motion will be denied.