SANFORD CONSTRUCTION CO., INC., *v.* ROSENBLATT ET AL.

[Cite as Sanford Constr. Co. v. Rosenblatt (1970),
25 Ohio Misc. 99.]

(No. 70-14017—Decided August 27, 1970.)

Municipal Court of Shaker Heights.

*Mr. Gary B. Garson,* for plaintiff.
*Messrs. Ulmer, Berne, Laronge, Glickman & Curtis*
and *Mr. Richard Rubenstein,* for defendant.

ROCKER, J.   Defendants bring this motion before the court on the basis that plaintiff is in violation of a term contained in a construction contract executed between the parties on August 21, 1967, said term being one requiring the submission of disputes between the parties to arbitration as a condition precedent to resort to "any right of legal action that either party may have against the other."

Construction of a building was commenced by plaintiff on or about August 21, 1967, and on or about October 19, 1967, one of the walls of said building was destroyed, allegedly through no fault of plaintiff.

Plaintiff contends that the construction contract required defendants to carry adequate insurance at its own expense to cover such destruction as well as certain other losses and that in reliance thereon, plaintiff did not obtain

any such insurance coverage. It is alleged, further, that the reasonable value of materials, work and labor in repairing said damaged wall was in the amount of $2,895.00, and that since the date of October 19, 1967, defendants have failed and refused to make payment of said sum after repeated demands therefor, up to and including March 18, 1970, the date of filing suit in this court.

At the time of hearing on this motion to stay proceedings, plaintiff submitted to the court without objection an affidavit from one ''Ben Wakser'' setting forth that he is the vice president of plaintiff construction company and that one of the defendants, Seymore Rosenblatt, shortly after the alleged wall damage occurred, stated to plaintiff that he would report the claim to his insurance company, but that on a later occasion and time not specified in the affidavit, the same Mr. Rosenblatt made a statement to plaintiff ''If you want to collect, sue us!''

Plaintiff relies partially on the foregoing quoted statement as evidence of a waiver of the arbitration clause of the contract and while the court could possibly rely on such a simple solution to the question, it will at this point merely submit at least what it has found to be the legal import of such language upon research of the following definitions:

''SUE. To commence or to continue legal proceedings for the recovery of a right. See *U. S.* v. *Moore,* 11 Fed. 251 . . . . '' Bouvier's Law Dictionary (Third Revision).

''SUE. To sue means to prosecute; to make legal claim; to seek for in law. The word appears to be properly applicable to civil actions and suits and to criminal prosecutions as well. * * * See *United States* v. *Moore,* 11 Fed. Rep. (U. S.) 248, 251.''—Ballentine's Law Dictionary—Second Edition.

Since we are dealing with the use of terminology ''sue'' by one who is apparently a layman, the court will add the definition found in other than a law dictionary, to wit:

''Sue. (3) To institute legal proceedings in court, to bring suit.''—Webster's New Twentieth Century Dictionary, Unabridged.

Since defendant's counsel at the hearing expressed the possibility that defendant's use of the phrase "sue us" could have meant make demand for arbitration under our contract, the court will give consideration to other aspects of the case which might or might not constitute waiver of arbitration.

The contract between the parties contains the following pertinent language in reference to the matter of arbitration:

"Art. 40. Arbitration.—All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration, in accordance with provisions, then obtaining, of the Standard Form of Arbitration * * *. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other.

"Notice of demand for arbitration of a dispute shall be filed in writing with the Architect and the other party to the contract. If the arbitration is an appeal from the Architect decision, the demand therefor shall be made within ten days of its receipt; in any other case the demand for arbitration shall be made within a reasonable time after the dispute has arisen; in no case, however, shall the demand be made later than the time of final payments, except as otherwise expressly stipulated in the contract. * * *"

First, it should be noted that a contract to arbitrate is one that is subject to waiver, either by express words or by necessary implication. (4 Ohio Jurisprudence 2d, Arbitration, Sec. 14.)

Numerous cases are to be found which involve the question of what does or does not constitute waiver, though none of consequence appear to be reported in the state of Ohio.

The court considers the following citation as most relevant to the question of waiver in the instant case:

*New York Central Rd.* v. *Erie Rd. Co.* (1961), 30 Misc. 2d 362, 213 N. Y. S. 2d 15, wherein the court held that proceedings to compel arbitration, like actions to compel specific performance of any contract, are equitable in nature,

and that laches is traditionally a defense to the specific performance of any contract. The court concluded that laches was a bar to the application to compel arbitration, since there had been "extraordinary and unjustified" delay coupled with resulting prejudice to the other party. 25 A. L. R. 3rd 1181.

It is worth reference to a portion of defendant's reply brief in support of motion to stay proceedings to determine the degree, if any, of failure on the part of a party or the parties to submit their dispute to arbitration, to wit:

"* * * Plaintiff's Answer Brief states that defendant waived his right to arbitrate by a delay of fifty-four (54) months in requesting or suggesting arbitration, and cites law to the effect that the right to arbitrate may be waived under certain circumstances. Plaintiff, however, has wrongly interpreted defendant's motion to stay proceedings, as defendant does not request or suggest arbitration, but merely indicates to the court that according to the contract at issue, arbitration is a condition precedent to any right of legal action the plaintiff may have."

"Further, plaintiff's contention that defendant waived the arbitration provision in the contract by not himself taking the dispute to arbitration is absurd. Can it be expected of a party against whom a claim is asserted to take the claimant to arbitration? If a potential defendant would waive his contract rights regarding arbitration by not initiating arbitration, would not such a rule induce arbitration that might not otherwise be requested by either party to a contract? * * *"

A careful reading of Article 40, the arbitration portion of the contract, does not indicate that it is incumbent upon a particular party to request arbitration of a dispute—this avenue of adjudication of any dispute is made available, according to this court's interpretation of the contract, to either party. It can, likewise, be waived by either party, either expressly or by implication as noted earlier in this opinion.

Defendant admits that some 54 months had elapsed before the bringing of suit in this court even though it was

stipulated at the hearing that demand for payment was made on a month by month schedule during that entire period.

Even at this late date, defendant states as noted above, that he does not now request or suggest arbitration, but merely insists on specific performance of the terms of his contract—that portion of which that precludes action at law before arbitration.

This court is, therefore, of the opinion that defendants have by their unreasonable delay in requesting the dispute with plaintiff be submitted for arbitration, waived their right to such demand and would, if the situation were reversed, make the same finding if at this late date, plaintiff had requested arbitration. Had the defendants had a dispute with the architect's decision, it was agreed that a notice of demand for arbitration would have had to be in writing and filed no later than *ten days* of its receipt; it seems a most untenable position to take that the building contractor whose financial investment would far exceed that of the architect, could be barred from resort to legal action after a delay of fifty-four months and not, indeed, at that late date, receive written demand for arbitration.

Unfortunately, in R. C. 2711.01 *et seq.*, which makes possible the enforcement of arbitration contracts, no statute of limitations is contained. Each case, therefore, must be decided in the light of the language of the particular contract and the equities as they appear to the court.

The lapse of time in this case is unreasonable to such an extreme that this court finds that there has been a mutual waiver of the arbitration provisions of the contract; by plaintiff in not pursuing such remedy within a reasonable time and by defendants for the same reason, as well as by express waiver in the comment: "If you want to collect, sue us!" made by defendants, which this court believes was made with understanding and knowledge of its implication to take action other than arbitration.

Defendants' motion to stay proceedings is denied.