**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2434-24

PATERSON BOARD OF
EDUCATION,

     Plaintiff-Appellant,

v.

PRITCHARD INDUSTRIES,
INC., and THOMAS MARTIN,

     Defendants-Respondents.

_____

Argued April 16, 2026 – Decided May 12, 2026

Before Judges Marczyk and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2013-22.

Bryant Lawrence Horsley, Jr. argued the cause for appellant (Shabazz & Woolridge Law Group, LLP, attorneys; Khalifah L. Shabazz, of counsel; Bryant Lawrence Horsley, Jr., of counsel and on the brief).

Patrick T. Collins argued the cause for respondents (Skoloff & Wolfe, PC, attorneys; Patrick T. Collins, on the brief).

PER CURIAM

The narrow issue before us on appeal is whether N.J.S.A. 18A:7F-9(e)(3) should be applied prospectively or retroactively. Plaintiff Paterson Board of Education appeals from the trial court's February 28, 2025 order finding N.J.S.A. 18A:7F-9(e)(3) should be applied retroactively to April 1, 2020, as opposed to prospectively from April 14, 2020. We conclude the statute should be applied prospectively and, therefore, reverse and remand for the reasons expressed in this opinion.

I.

This matter arises out of a custodial services contract between plaintiff and defendants Pritchard Industries, Inc. (Pritchard) and Thomas Martin.[1] Pritchard served as the custodial service provider for plaintiff for the 2019-2020 school year under an $8.2 million contract pursuant to the Public School Contracts Law, N.J.S.A. 18A:18A-1 to -68. However, on March 16, 2020, due to the COVID-19 pandemic, former Governor Murphy signed Executive Order 104,[2] ordering all public school districts to close. As a result, Pritchard did not provide services during the months of April, May, and June 2020.

---

[1] Thomas Martin is the Vice President/General Manager of Pritchard.

[2] Exec. Order No. 104 (Mar. 16, 2020), 52 N.J.R. 550(a) (Apr. 6, 2020).

A-2434-24

Pritchard sent plaintiff invoices for those months, as well as for the month of July, pursuant to N.J.S.A. 18A:7F-9(e)(3), which mandated school districts pay contracted service providers as if the schools had remained open. Specifically, defendants sent the following invoices: (1) an April 2020 invoice at the fixed monthly rate of $620,250.09; (2) an additional April 2020 invoice for $60,800 worth of janitorial supplies; (3) a May 2020 invoice for $620,250.09; (4) a June 2020 invoice for $620,250.09; and (5) a July 2020 invoice in the amount of $591,417.42. Plaintiff refused to pay the April, May, and June invoices because Pritchard had not provided any services during those months. However, at a school board meeting in August 2020, plaintiff approved and subsequently paid Pritchard's $60,800 April invoice, the $620,250.09 May invoice, and the $620,250.09 June invoice, totaling $1,301,300.18. Plaintiff did not pay the $620,250.09 April invoice and only paid $514,276.02 of the July invoice, withholding $77,141.40 from the July payment based on Pritchard's not returning to work until July 6. Defendants asserted plaintiff owed Pritchard another $697,391.49.

In September 2021, plaintiff's counsel wrote to defendants, demanding the return of the $1,301,300.18 it had previously paid them. Defendants refused to

3

return the funds, asserting N.J.S.A. 18A:7F-9(e)(3) required plaintiff to issue the payments it had made to defendants.

In July 2022, plaintiff held another school board meeting, where it adopted a resolution "declaring null and void" and "rescinding" its prior decision to approve the $1,301,300.18 payment to Pritchard. The resolution stated the "overpayments" to Pritchard "were illegal and were secured pursuant to a breach of contract," and the school board therefore believed it was "entitled to an immediate return" of the funds, authorizing its counsel to pursue legal action to recover the money.

On August 11, 2022, plaintiff filed a complaint against defendants alleging various causes of action,[3] including violations of N.J.S.A. 18A:7F-9(e)(3), and seeking repayment of the $1,301,300.18 sum, as well as attorneys' fees and costs, punitive damages, and indemnification. Defendants answered and counterclaimed, alleging plaintiff breached its contract with defendants and violated N.J.S.A. 18A:7F-9(e)(3). Pritchard demanded payment for the outstanding invoices in the amount of $697,391.49.

---

[3] The claims plaintiff asserted are discussed more fully in our prior opinion in this matter and are not germane to the issue before us. See Paterson Bd. of Educ. v. Pritchard Indus., Inc., No. A-3079-22 (App. Div. Jan. 30, 2025).

A-2434-24

Defendants moved for summary judgment, and plaintiff cross-moved for summary judgment. The trial court denied defendants' motion for summary judgment and plaintiff's motion to dismiss defendants' counterclaim. However, the court granted plaintiff's cross-motion for summary judgment.

Defendants then moved for reconsideration, and in April 2023, the court reversed its previous decision and granted summary judgment to defendants, awarded defendants $697,031, and dismissed plaintiff's complaint. In its statement of reasons, it stated, in pertinent part:

> The parties disagree as to the applicability and interpretation of N.J.S.A. 18A:7F-9(e)(3) in relation to the contract between them. N.J.S.A. 18A:7F-9(e)(3), specifically, was enacted in April 2020 and required school districts to continue to pay their service contractors when schools were closed due to the health-related emergency, even if the contractors [we]re unable to render services. . . .
>
> . . . .
>
> . . . [T]he present case is essentially one of breach of contract that requires the interpretation of N.J.S.A. 18A:7F-9(e)(3). Both [plaintiff] and [defendants] wield the statute in their favor, [but] this [c]ourt now finds [defendants'] interpretation comports with the understanding of the parties as to the contract. . . .
>
> . . . .
>
> The statute requires school districts to continue to make payments pursuant to the terms of a contract

A-2434-24

with a contracted service provider in effect on the date of the closure as if the services for such benefits, compensation, and emoluments had been provided, and as if the school facilities had remained open. . . .

. . . .

. . . [Plaintiff] . . . did not fulfill its responsibility [to defendants] pursuant to N.J.S.A. 18A:7F-9(e)(3).

Plaintiff subsequently moved for clarification, which the trial court denied. Plaintiff then appealed from the trial court's April 28, 2023 order. We affirmed, in part, as to the trial court's grant of summary judgment regarding defendants' counterclaims and the dismissal of plaintiff's complaint but remanded in part concerning the issue of whether N.J.S.A. 18A:7F-9(e)(3) should be applied prospectively or retroactively. See Paterson Bd. of Educ., slip op. at 48-49. On remand, after entertaining oral argument, the trial court issued an order on February 28, 2025, finding N.J.S.A. 18A:7F-9(e)(3) "shall be applied retroactively to April 1, 2020." In its statement of reasons, the court explained:

This [c]ourt determines that applying the statute retroactively justifies the Legislature's intent of meeting payroll obligations and allowing for employees of the contracted service provider to be paid as if the school facilities had remained open and in full operation. Further, applying this statute retroactively makes it ameliorative[,] as employees had an expectation to be paid as if the schools had remained

6

open. This [c]ourt does not find [a] manifest [in]justice would arise when [plaintiff] pays [defendants] the cost of the service contract[,] as the costs were previously allocated in [plaintiff's] budget. . . .

Therefore, the subject statute shall be applied retroactively.

[(Citation omitted).]

This appeal ensued.[4]

II.

Plaintiff argues N.J.S.A. 18A:7F-9(e)(3) should have prospective application, negating any damage claim for payment on defendants' April 2020 invoice before April 14, 2020, the effective date of the statute. It contends the Legislature never expressed an intent the statute should be applied retroactively. Accordingly, plaintiff submits we should remand for the trial court to recalculate the damages it awarded.

"We review issues of statutory interpretation de novo." Kocanowski v. Twp. of Bridgewater, 237 N.J. 3, 9 (2019). A determination whether a statute applies retroactively "is a purely legal question of statutory interpretation."

---

[4] Prior to the April 14, 2025 notice of appeal in this matter, plaintiff petitioned for certification to the New Jersey Supreme Court regarding our prior decision. The Supreme Court denied plaintiff's petition for certification. See Paterson Bd. of Educ. v. Pritchard Indus., Inc., 261 N.J. 160 (2025).

7

State v. J.V., 242 N.J. 432, 442 (2020) (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)).  In making the determination, "[t]he overriding goal . . . 'is to determine as best [this court] can the intent of the Legislature, and to give effect to that intent.'"  Ibid. (first alteration in original) (quoting State v. S.B., 230 N.J. 62, 67 (2017)).  We must "look to the statute's language and give those terms their plain and ordinary meaning."  Ibid.; see also Johnson, 226 N.J. at 386 (explaining "the best indicator of that intent is the plain language chosen by the Legislature" (quoting Cashin v. Bello, 223 N.J. 328, 335 (2015))).  Where the terms are "clear and unambiguous, . . . the interpretive process ends," and this court must "apply the law as written."  Id. at 443 (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012)).  Where "the statutory text is ambiguous, we may resort to 'extrinsic interpretative aids, including legislative history,' to determine the statute's meaning."  Ibid. (quoting S.B., 230 N.J. at 68).

Plaintiff argues the trial court's conclusion N.J.S.A. 18A:7F-9(e)(3) is to be given retroactive application prior to its April 14, 2020 effective date "constitutes reversible legal error."  It contends the statute should be applied prospectively, and Pritchard is not entitled to payment for the period from April 1 through April 13, 2020.

8

Plaintiff asserts "the Legislature did not expressly require the retroactive application of N.J.S.A. 18A:7F-9(e)(3)," and if it had intended to, "it could have easily done so with a one-sentence statement that the statute is to have retroactive effect." Plaintiff further contends the Legislature revised this legislation on several occasions, and in doing so, never suggested it intended to give the statute retroactive application. It also argues even if this court determined the legislative intent favored retroactive application, the statute should still be applied prospectively because retroactive application would result in an unconstitutional interference with its vested rights and a manifest injustice. Lastly, plaintiff maintains the case should be remanded for the trial court to properly calculate damages consistent with a prospective application of N.J.S.A. 18A:7F-9(e)(3).

Defendants acknowledge the effective date of N.J.S.A. 18A:7F-9(e)(3) was April 14, 2020. They contend although the Legislature did not expressly address retroactive application of the statute, "the context of its passage speaks volumes" in that it was enacted on April 14, 2020, during the pandemic, "to address a sudden, acute, unanticipated[,] and ongoing problem of significant magnitude." They also insist retroactive application of the statute "is necessary to make the statute workable and [to] give it the most sensible interpretation"

A-2434-24

because the statute was meant to relieve the impact of the pandemic, it applied to the public-health-related school closures of three days or more, and schools had already been shut down for about four weeks by the time the statute was enacted. Additionally, defendants claim "[t]he [s]tatute was drawn and passed hurriedly, and the non-inclusion of specific language providing for its retroactive application hardly bespeaks of a legislative intention that it be applied on a prospective-only basis." Defendants further maintain the reasonable expectations of the parties warrant retroactive application.

"As a general proposition[,] 'the law favors prospective, rather than retroactive, application of new legislation unless a recognized exception applies.'" Roik v. Roik, 477 N.J. Super. 556, 573 (App. Div. 2024) (quoting Ardan v. Bd. of Rev., 444 N.J. Super. 576, 587 (App. Div. 2016)). However, "the rule favoring prospective application of statutes, while 'a sound rule of statutory interpretation . . . is no more than a rule of statutory interpretation' and is not to be applied mechanistically to every case." Gibbons v. Gibbons, 86 N.J. 515, 522 (1981) (omission in original) (quoting Rothman v. Rothman, 65 N.J. 219, 224 (1974)). When deciding whether a statute should apply prospectively or retroactively, courts must first determine whether any exceptions apply that

may favor retroactive application.  See James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 563 (2014).

Our courts employ a two-part test to determine if a statute should apply retroactively.  C.W. v. Roselle Bd. of Educ., 483 N.J. Super. 186, 198 (App. Div. 2026).  First, "[w]e consider 'whether the Legislature intended to give the statute retroactive application'[] and 'whether retroactive application of that statute will result in either an unconstitutional interference with vested rights or a manifest injustice.'"  Ibid. (quoting James, 216 N.J. at 563).  "Both questions must be satisfied for a statute to be applied retroactively."  Ibid. (quoting Johnson, 226 N.J. at 387).  Regarding the first question, there are three circumstances a court must consider in justifying retroactive application of a statute, namely, whether:  "(1) the Legislature explicitly or implicitly expresse[d] an intent that a law be applied retroactively; (2) an amendment is ameliorative or curative; or (3) . . . the parties' expectations warrant retroactive application."  Ibid.

"[C]ourts generally 'enforce newly enacted substantive statutes prospectively, unless [the Legislature] clearly expresses a contrary intent'" for retroactive application.  Maia v. IEW Constr. Grp., 257 N.J. 330, 350 (2024) (second alteration in original) (emphasis omitted) (quoting In re Registrant J.D-

<u>F.</u>, 248 N.J. 11, 22 (2021)). "The Legislature may convey its intent to apply a statute retroactively by expressing it explicitly 'in the language of the statute or in the pertinent legislative history,' or impliedly, by rendering it necessary 'to make the statute workable or to give it the most sensible interpretation.'" <u>Id.</u> at 350-51 (quoting <u>Gibbons</u>, 86 N.J. at 522).

Our Supreme Court has found the Legislature's declaration a statute is "effective immediately" reflects a determination the statute shall have prospective effect. <u>Id.</u> at 352. For example, in <u>Pisack v. B & C Towing, Inc.</u>, the Court held the Legislature's determination and declaration a statute shall be effective immediately "bespeak[s] an intent contrary to, and not supportive of, retroactive application." 240 N.J. 360, 371 (2020) (quoting <u>Cruz v. Cent. Jersey Landscaping, Inc.</u>, 195 N.J. 33, 48 (2008)). Similarly, in <u>State v. Parolin</u>, the Court held the amendments to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, removing the offense for which the defendant was convicted of from NERA's coverage, did not apply retroactively because the Legislature provided the amendments would "take effect immediately." 171 N.J. 223, 233 (2002).

Furthermore, we may properly presume the Legislature was fully aware of judicial interpretations of statutory language, <u>see</u> <u>N.J. Democratic Party, Inc. v. Samson</u>, 175 N.J. 178, 195 n.6 (2002), and therefore, the Legislature

12

understood, consistent with the Court's decisions in Pisack and Parolin, making N.J.S.A. 18A:7F-9(e)(3) "effective immediately" constituted a clear and unambiguous declaration the amendment was to be applied prospectively. See Pisack, 240 N.J. at 371; Parolin, 171 N.J. at 233. "Thus, the Legislature is deemed to have been fully aware that," if it sought to make application of the statute retroactive, it should not have declared it effective immediately, but instead "should have expressly provided for such application in the amendment's text." See Olkusz v. Brown, 401 N.J. Super. 496, 502 (App. Div. 2008).

N.J.S.A. 18A:7F-9(e)(3), in pertinent part, provides:

> If the schools of a school district are subject to a health-related closure for a period longer than three consecutive school days, which is the result of a declared state of emergency, declared public health emergency, or a directive by the appropriate health agency or officer, then the school district shall continue to make payments of benefits, compensation, and emoluments pursuant to the terms of a contract with a contracted service provider in effect on the date of the closure as if the services for such benefits, compensation, and emoluments had been provided, and as if the school facilities had remained open. . . .

In this case, the amendments to N.J.S.A. 18A:7F-9, which added subsection (e)(3), among others, were signed into law on April 14, 2020, and specified "[t]his act shall take effect immediately." See L. 2020, c. 27, § 1 (codified at N.J.S.A. 18A:7F-9(e)(3)). The statute was further modified a few

13

months later, on June 29, 2020, and those amendments were also given immediate effect. See L. 2020, c. 57, § 3 (codified at N.J.S.A. 18A:7F-9(e)(3)). The language in the legislation enacting N.J.S.A. 18A:7F-9 and its amendments—"shall take effect immediately"—is clearly supportive of prospective application rather than retroactive application.

Courts also take into consideration whether an amendment is ameliorative or curative. See C.W., 483 N.J. Super. at 198. Notably, "the term 'ameliorative' refers only to criminal laws that effect a reduction in a criminal penalty." Roik, 477 N.J. Super. at 573 (quoting Street v. Universal Mar., 300 N.J. Super. 578, 582 (App. Div. 1997)). "To be 'curative,' a statutory provision must be 'designed to remedy a perceived imperfection in or [a] misapplication of a statute.'" Ardan v. Bd. of Rev., 231 N.J. 589, 611 (2018) (quoting James, 216 N.J. at 564) (additional internal quotation marks omitted).

In its February 28, 2025 decision, the trial court stated, "applying this statute retroactively makes it ameliorative[,] as [defendants'] employees had an expectation to be paid as if the schools had remained open." Again, New Jersey courts use the term "ameliorative" only in reference to criminal statutes, and, therefore, N.J.S.A. 18A:7F-9(e)(3) cannot be considered ameliorative. Moreover, N.J.S.A. 18A:7F-9(e)(3), as originally enacted, established a new law

14

that became effective on April 14, 2020, and was not designed to remedy an imperfection or misapplication of an earlier statute. Therefore, it is also not a curative provision. We are also unpersuaded the Legislature's purported hasty enactment of the legislation warrants a retroactive application, when the Legislature failed to indicate in any manner the statute should be applied retroactively.

Further, in Maia, the Court noted, "if there is no 'clear expression of legislative intent' concerning retroactivity," 257 N.J. at 351 (quoting Gibbons, 86 N.J. at 523), "a court will look at the controlling law at the relevant time and consider the parties' reasonable expectations as to the law," ibid. (quoting Johnson, 226 N.J. at 389). "An expectation of retroactive application 'should be strongly apparent to the parties in order to override the lack of any explicit or implicit expression of intent for retroactive application.'" Ibid. (quoting James, 216 N.J. at 573).

Because we conclude the Legislature expressed its intent for the statute to apply prospectively, we need not address whether the parties' expectations warrant retroactive application. Nevertheless, we observe that because N.J.S.A. 18A:7F-9 provides the amendments "shall take effect immediately," and our courts understand this phrase to indicate an intent of prospective application, it

would be unreasonable for the parties to expect retroactive application of subsection (e)(3). If the Legislature intended N.J.S.A. 18A:7F-9(e)(3) to be applied retroactively to April 1, 2020, it could have explicitly expressed such intent. Accordingly, we determine the court erred in its determination the statute should be applied retroactively.

Given our conclusion the court erred in evaluating the first prong under James, we need not reach the second prong of the two-part test—whether retroactive application of the statute will result in an unconstitutional interference with vested rights or a manifest injustice. Accordingly, we reverse and remand for the trial court to recalculate the order for judgment consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

16